Mmhr, J.

The facts of this case are, that after the act of the 5th of January, declaring persons who had furnished substitutes no longer exempt, the petitioner was enrolled and ordered into camp.
But, as there was then pending a case in this Court, in which the constitutionality of the act of. the 5th of January was to be tested, it was agreed that further proceedings in the petitioner’s case might be suspended until the decision of the Court was known. In the meantime .the petitioner was released on furlouglv Afterwards, and while on farleogh, petitioner received che appointment ©f watchman for the town of Salisbury. Having been again brought in?ó camp, after the decision in Walton’s case, he sued out this writ, which was. heard and decided at Chambers, and is brought’here by certiorari, at tbe Instance of the general government.
Upon this State of facts, we are of opinion the petitioner is not. c nú tied to ix. mptioii by reason of lus appointment as wat chupín 8i the town of .Salisbury. His enrollment, prior to such appointment, put him in military service, and »¡e could not be elected out of it into a city watch. It is not necessary that one should be in the field, as we conceive,, to constitute him a soldier, If he has been enrolled by legal authority, and put on furlough, his state *21 is as firmly fixed as if be were in the trenches, confronting the enemy.
We have had occasion to explain more fully the rights of the respective governments of the State, and ol the Confederate States, in matters of this sort, in the case of Up-church, decided at this term, to which reference may bo had. • '
Wo can coueeive of ‘no greater reason why the Suite should have the power to iake away from the-Confederate States, persons appoint* ü to places of duty, than the re-verlo of the proposition. -Neithef, in our opinion, is necessary, and neither is constitutional.* Still less can it ho supposed, that a soldier cap be taken out of the army by the Hi-ite, and .appointed to ofli-ou : .especially, when we consider the paramount powers and duties of the general government, in respect to w;ar. The exemption certified, does not seem to be material, according to the view we take of the case. 'Exemptions, are granted by the act of Congress to specified pifie-'')!'!;; of I ho (State government, and to ..uuh other oncers as the Governor shall certify to be necc(*ary: But Smith Is mt an officer, and therefore, not in the class which the G-orevnor’& cert;feote could avail. Being a soldier of the Cenc-arraU1 States, as we think he was, by the ads of enrolment and furlough, he could not divest himself of the character, except by the will of these States.
There is error, therefore, in the judgment at Cham hers, ■discharging the petitioner, and, he is hereby declared subject to perforiii military service to the Confederate States, and is therefore recommitted to the officer, John H. Prior,, or to such other officer as may be in charge of the matter.